# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2206

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Frederick Duane Fisher, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: January 22, 2004

Filed: February 2, 2004

_____

Before MELLOY, HANSEN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Frederick Duane Fisher appeals the restitution order imposed by the district court[1] after he pleaded guilty to aiding and abetting an assault resulting in serious bodily harm, in violation of 18 U.S.C. §§ 2, 113(a)(6), 1151, and 1153(a). Fisher does not challenge the imposition of 78 months imprisonment and 3 years supervised release. Instead, he argues in a brief filed under Anders v. California, 386 U.S. 738 (1967), that he should not be responsible for any funeral or burial expenses because

_____

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

he was not convicted of murdering the victim.  Upon review of the record, it is apparent that he was not ordered to pay any funeral or burial expenses.  Rather, the $5,630 in restitution the district court ordered Fisher to pay to the representative of the victim's estate -- jointly and severally with three other individuals -- included reimbursement only for grief counseling, lost wages, transportation, and the victim's coat.  Fisher's argument on appeal is therefore unfounded.

We have reviewed the record independently pursuant to <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), for any nonfrivolous issue, and we have found none. Accordingly, we affirm.  Counsel's motion to withdraw is granted.

_____